## Case No. 5,550.

### In re GOODWIN.

[3 N. B. R. 417 (Quarto, 106).][1]

District Court, S. D. New York.   Nov. 27, 1869.

BANKRUPTCY — FAILURE OF ASSIGNEE TO COMPLY WITH GENERAL ORDER No. 28.

Before the court can take action on the failure of an assignee in bankruptcy to comply with the requirements of general order No. 28, the same must be shown to it by at least prima facie evidence.

[In bankruptcy. In the matter of William F. Goodwin.]

By the Register:

I, Isaiah T. Williams, the register of this court in bankruptcy, to whom has been referred the above-entitled matter, do hereby certify to this honorable court, that George V. House, of 683 Broadway, in the city of New York, was on the 9th day of July, A. D. 1869, duly elected assignee of the estate of the above-named bankrupt, and duly executed the bond required by the 13th section of the act, and received from me the assignment of the estate of the said bankrupt, on the 17th of August, 1869. And I do further certify that, in pursuance of the rule of this court in bankruptcy, adopted November 13th, 1869, I have called the attention of said assignee to the provisions of the general order No. 28, and I hereby bring the case to the notice of the court, although I have no means of knowing whether or not the said assignee has failed to make a report to the court of the funds received by him, as required by said general order.

BLATCHFORD, District Judge. When an assignee fails to make a report to the court,

of funds received by him, it must be assumed that no funds have been received by him, and that no deposits have been made by him. In order to warrant proceedings against an assignee for not complying with general order No. 28, it must be shown at least by prima facie evidence that he has received funds, or has made deposits in respect to which he ought to have made a report to the court under said general order. No such thing is shown in this case, and therefore there is nothing on which the court can base any action in the premises. The clerk will certify this decision to the register, Isaiah T. Williams, Esq.